UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RODNEY JESSE SAN NICOLAS,<br><br>    Petitioner,<br><br>    vs.<br><br>ROBERT L. AYERS, JR., as Warden<br>of San Quentin State Prison,<br><br>    Respondent. | Case No. 1:06-CV-00942-LJO<br><br>DEATH PENALTY CASE<br><br>ORDER FOLLOWING PHASE I CASE MANAGEMENT CONFERENCE<br><br>DATE:      March 29, 2007<br>TIME:      9:00 a.m.<br>COURTROOM FOUR |

This matter came on for hearing March 29, 2007 at 9:00 a.m. in the above referenced Court, the Honorable Lawrence J. O'Neill presiding. Petitioner Rodney Jesse San Nicolas ("San Nicolas") was represented by appointed CJA attorney Wesley A. Van Winkle. Also appearing on behalf of San Nicolas was Assistant Federal Defender Harry Simon, who the Court understands will be assigned to the case once the Federal Defender is formally appointed as co-counsel. Respondent Robert L. Ayers, Jr., as Warden of San Quentin State Prison, (the "Warden") was represented by Deputy Attorney General Charles A. French. All counsel appeared telephonically.

The topics normally addressed at a Phase I Case Management Conference ("CMC") include determination of the expiration of the statute, the time petitioner's counsel estimates will be needed for preparation of the federal petition, how long the phase will last, and a statement from counsel for the Warden as to how much time will be needed to lodge the state record.. In this case, the first two of these topics have been resolved. On March 9, 2007, the Court granted San Nicolas's request for equitable tolling, and in so doing, extended the limitations period from July 12, 2007 to January 16, 2008. The duration of Phase I is estimated by Mr. Van Winkle to last through mid-June, 2007. With respect to

1  lodging the state record, Mr. French represented that the Warden would be able to fulfill his obligation
2  to lodge the state record within two weeks.  The Court accepts this representation.

3  Following discussion of these topics, the Court excused Mr. French from further participation
4  in the CMC so matters of funding and budget preparation could proceed ex parte with Messrs. Van
5  Winkle and Simon.  Under 18 U.S.C. § 3599(f), ex parte consideration of funding applications requires
6  a showing of the need of confidentiality.  Since budget applications require disclosure of matters
7  protected by the attorney-client and/ or work product privileges, the need for confidentiality is inherent
8  in the budgeting process.  *See* Fed. R. Civ. P. 26(b)(3).  Accordingly, budget forms and supporting
9  documentation are filed under seal and court proceedings, though reported, similarly are maintained
10 under seal.  An order filed concurrently herewith, under seal, documents the results of the ex parte
11 proceedings regarding a budget for San Nicolas's case.

12 Three other matters must be addressed.  First, because the Federal Defender will be appointed
13 as co-counsel in this case, Mr. Van Winkle does not anticipate the need for further equitable tolling in
14 order to permit second or consulting counsel sufficient time to review the record for possible missed
15 appellate claims. Second, the Court acknowledges the courteous apology from Deputy Attorney General
16 Patrick Whalen to the Court and Court staff filed on March 26, 2007.  Third, at the culmination of the
17 ex parte budgeting conference, the Court established a date for the parties to participate in a Phase II
18 CMC.  That date will be June 21, 2007, at 8:45 a.m.  The Phase II CMC will be conducted
19 telephonically, with the Court initiating the conference call.  At the Phase II CMC, the parties should
20 be prepared to discuss efforts to prepare petition and responsive pleadings.

21 The Warden shall lodge the state record with the Court within 15 calendar days from the filing
22 of this order.  The parties are directed to be available for a Phase II CMC on June 21, 2007 at 8:45 a.m.
23 IT IS SO ORDERED.

25 Dated:    March 30, 2007

/s/ Lawrence J. O'Neill
Lawrence J. O'Neill
United States District Judge