UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RODNEY JESSE SAN NICOLAS,<br><br>  Petitioner,<br><br>  vs.<br><br>ROBERT L. AYERS, Jr., as Warden<br>of San Quentin State Prison,<br><br>  Respondent. | Case No. 1:06-CV-00942-LJO<br><br>DEATH PENALTY CASE<br><br>ORDER FOLLOWING PHASE II-A CASE MANAGEMENT CONFERENCE<br><br>DATE:         June 21, 2007<br>TIME:         8:45 a.m.<br>COURTROOM FOUR |

This matter came on for hearing June 21, 2007 at 8:45 a.m. in the above referenced Court, the Honorable Lawrence J. O'Neill presiding. Petitioner Rodney Jesse San Nicolas ("San Nicolas") was represented by his counsel of record, CJA attorney Wesley A. Van Winkle and Assistant Federal Defender Harry Simon. Respondent Robert L. Ayers, Jr., as Warden of San Quentin State Prison, (the "Warden") was represented by Deputy Attorney General Charles A. French. All counsel appeared telephonically.

Phase I of the litigation in this case was considered completed as of June 15, 2007, although not all litigation tasks anticipated to have been completed in Phase I were completed. Under the Guide to Case Management and Budgeting in Capital Habeas Cases, Eastern District of California, Fresno Division (the "Fresno Attorney Guide"), by the end of Phase I a petitioner's litigation team generally has made a substantial effort to complete review of the state record and case files, conducted preliminary investigation, and advised the Court of the nature of the case by completing a Case Evaluation form. The Warden's litigation team similarly is expected at the culmination of Phase I to have advised the

1  Court of the nature of the case by completing a Case Evaluation form and also to have lodged the state
2  record. The parties also are expected to have agreed on the expiration of the statute of limitations under
3  28 U.S.C. § 2244(d). Phase I may include a motion to extend the limitations period under equitable
4  principles. All of the foregoing tasks were completed in Phase I of San Nicolas's case, including the
5  filing by Nicolas of a motion to equitably toll the statute of limitations. The Court granted the motion
6  due to the substantial delay in appointing counsel. As result, the limitations period has been extended
7  to January 16, 2008.

8  Phase II generally involves the petitioner's continuation of record review, claim development
9  and preparation of the federal petition. During Phase II, the Warden files an answer to the petition, and
10  both parties work on resolving of all exhaustion issues.[1] If there is a state exhaustion petition filed
11  during Phase II, the Court considers holding federal proceedings in abeyance. If abeyance is ordered,
12  Phase II resumes when state exhaustion proceedings are complete. At that time, the federal petition is
13  either amended or reactivated, the answer is filed, and exhaustion issues are resolved. Phase II does not
14  involve litigation of procedural default, as this issue is considered an affirmative defense. As with the
15  motion to toll the limitations period filed in Phase I of the litigation, Phase II may involve the litigation
16  of statute of limitations issues, although the limitations bar generally is treated as an affirmative defense
17  and addressed after the substantive claims in the petition are briefed. In the present case, Mr. French
18  advised the Court that although the limitations period was equitably tolled to January 16, 2008,[2] the
19  Warden may move for an order dismissing the case shortly after July 12, 2007 because of the limitations
20  bar under 28 U.S.C. § 2244(d).[3] Mr. Simon and Mr. Van Winkle also advised the Court that San Nicolas
21  likely will be filing a subsequent state habeas corpus petition contemporaneous with the filing of his

---

[1] The first step in resolving exhaustion issues is for the parties to meet and confer. Thereafter they are directed to file a joint statement outlining which claims are in dispute respecting exhaustion. The Court thereafter makes a final determination.

[2] The order granting San Nicolas's motion to equitably toll the limitations period was filed on March 9, 2007, document 32.

[3] July 12, 2007 is the date the federal petition would have been due had the Court not ordered equitable tolling. It is one year following the denial of San Nicolas's original state habeas petition by the California Supreme Court.

anticipated federal petition by January 16, 2008. At that time, San Nicolas also will file a motion to hold federal proceedings in abeyance pending the completion of state exhaustion proceedings.

Based on the foregoing explanation of the case, the Court contemplates that Phase II of this litigation will proceed in two parts. Phase II-A will be in effect until the Court orders abeyance of federal proceedings (if the Court orders abeyance of federal proceedings) pending the completion of state exhaustion. Since the federal petition currently is due January 16, 2008, the Court will extend Phase II-A thirty days beyond that date to Friday, February 15, 2008. Phase II-B will commence once state exhaustion is complete and the matter resumes in federal court with the reactivation or amendment of the federal petition, the Warden's answer, and exhaustion resolution.

Mr. French's revelation that the Warden *may* file a motion to dismiss the action shortly after July 12, 2007 raises additional, previously unanticipated issues respecting both case management and budgeting. Mr. French did not advise the Court of the grounds for the potential motion to dismiss, although, based on the proposed date of the filing, the Court surmises the Warden intends to revisit the Court's equitable tolling order of March 9, 2007. Because case management and budgeting concerns are directly implicated by the Warden's tentative intention to file a motion to dismiss, the Court orders the Warden to advise the Court by 4 p.m. Monday, June 25, 2007 whether he will file such a motion, and if so on what grounds. The Warden is directed to give specific consideration to *Bowles v. Russell*, ___ S. Ct.___, 2007 WL 10702870 at *5 (June 14, 2007), *Day v. McDonough*, 547 U.S. 198, 126 S. Ct. 1675, 1681, 1684 (2006), and *Calderon v. United States Dist. Ct. (Beeler)*, 128 F.3d 1283, 1288 (9th Cir. 1997), *overruled in part on other grounds by Calderon v. United States Dist. Ct. (Kelly)*, 163 F.3d 530 (9th Cir. 1998) (en banc), *abrogated on other grounds by Woodford v Garceau*, 538 U.S. 212 (2003).

Just before the culmination of Phase I, the Department of Justice published proposed regulations to implement the process for determining whether a state is eligible to receive the benefits of the expedited procedures under Chapter 154 of Title 28 of the United States Code, §§ 2261-2266, as amended by the Patriot Reauthorization Act of 2005. The potential that California will request certification for Chapter 154 is an issue of great concern to the prosecution and defense bars. The Court anticipates that a great deal of work will be undertaken by members of the capital defense bar during the preliminary comment period of the proposed regulations, after the regulations are adopted (if they are

adopted), and during the application process of the state of California for certification (if the state applies for certification). Accordingly, the Court asked Mr. French to relay the current position of the State Attorney General's Office on Chapter 154. Mr. French responded as follows:

> Chapter 154 of Title 28 of the United States Code applies to capital cases that have established a mechanism for the appointment, compensation, and payment of reasonable litigation expenses of competent counsel in State post conviction proceedings. If requested by a appropriate state official, the Attorney General of the United States has the responsibility to certify a State's mechanism under Chapter 154. The Attorney General has also been charged with the responsibility to promulgate regulations to implement the certification procedure.
>
> On June 5, 2007, the Attorney General filed draft regulations for the certification process. Those draft regulations are now subject to public comment. Since the Attorney General has not yet formally adopted regulations under Chapter 154, no decision has been made or can be made about whether the State of California will request certification. That decision will be made when regulations for the certification process are finally adopted and take effect. Respondent will advise the court of California's position once final regulations are in place.

This submission offers no information as to whether the State Attorney General's Office will or will not seek certification under Chapter 154 because any decision in this regard would be premature at this time. The Court appreciates Mr. French's offer to advise the Court of any change of position by the State Attorney General once final regulations are adopted.

Following discussion of the scope of litigation tasks that have been performed in Phase I and will be performed in Phase II, including the Warden's potential motion to dismiss and the position of the State of California on Chapter 154 certification, the Court excused Mr. French from further participation in the hearing so matters of funding and budget preparation could proceed ex parte with Messrs. Van Winkle and Simon. Under 18 U.S.C. § 3599(f), ex parte consideration of funding applications requires a showing of the need of confidentiality. Since budget applications require disclosure of matters protected by the attorney-client privilege and/ or the work product rule, the need for confidentiality is inherent in the budgeting process. *See* Fed. R. Civ. P. 26(b)(3). Accordingly, budget forms and supporting documentation are filed under seal and court proceedings similarly are conducted confidentially. An order to be filed within the next calendar week, under seal, will document the results of the ex parte proceedings regarding the budget of Phase II-A of San Nicolas's case. The Warden's response to the Court's question about Chapter 154 certification and the potential motion to dismiss on

1 the grounds of the statute of limitations bar are important considerations for the Court's evaluation of
2 San Nicolas's proposed case management and budget plan.
3     IT IS SO ORDERED.
4
5 Dated:   June 22, 2007                          /s/ Lawrence J. O'Neill
6                                               Lawrence J. O'Neill
                                           United States District Judge
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28