UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RODNEY JESSE SAN NICOLAS,<br><br>    Petitioner,<br><br>vs.<br><br>ROBERT L. AYERS, JR., as Warden<br>of San Quentin State Prison,<br><br>    Respondent. | Case No. 1:06-CV-00942-LJO<br><br>DEATH PENALTY CASE<br><br>ORDER<br>(1) GRANTING PETITIONER'S REQUEST TO HOLD FEDERAL PROCEEDINGS IN ABEYANCE;<br>(2) DISMISSING WITHOUT PREJUDICE CLAIMS 2 AND 3 IN ADDENDUM PETITION; AND<br>(3) GRANTING PETITIONER'S REQUEST TO FILE ADDENDUM PETITION UNDER SEAL. |

This matter is before the Court on two motions filed by Petitioner Rodney Jesse San Nicolas ("San Nicolas"). In the first, San Nicolas moves to hold federal proceedings in abeyance during state exhaustion. In the second, he moves for permission to file under seal an addendum petition containing three claims. Respondent Robert L. Ayers, Jr., as Warden of San Quentin State Prison (the "Warden") opposes both motions. On February 20, 2008 in a sealed order, the Court directed San Nicolas to address the cognizability of Claims 2 and 3 in the addendum petition. San Nicolas filed his response on February 27, 2008.

**I.  Motion to Hold Federal Proceedings in Abeyance.**

San Nicolas publicly and timely filed his 394-page federal petition and numerous exhibits on January 16, 2008. The petition contains exhausted and unexhausted claims. The exhausted claims previously were raised before the California Supreme Court on direct appeal and in San Nicolas's original state habeas petition. On January 16, 2008, San Nicolas also filed a petition for state habeas

relief before the California Supreme Court and the within motion to hold federal proceedings in abeyance. Once the claims presented in the pending state petition are addressed, his federal petition will be exhausted.

In *Rhines v. Weber*, 544 U.S. 269 (2005), the Supreme Court recognizes the discretion of district courts to stay and hold in abeyance mixed habeas petitions during exhaustion of federal claims in state court. *Id*. at 276. This discretion may be exercised upon satisfaction of three requirements. First, there must be good cause for the petitioner's failure to have exhausted his claims "first in state court." *Id*. at 277. Second, the unexhausted claims must be not be "plainly meritless." *Id*. Finally, a mixed petition "should not be stayed indefinitely," meaning there should be specific limits on the trip to state court and back to federal court. *Id*. at 277-78. There also is an overarching requirement that the petitioner has not engaged in dilatory tactics. *Id*. at 278.

San Nicolas has satisfied all the requirements specified in *Rhines*. The good cause for his failure to plead the previously unexhausted claims in the petition during his first tour through state court is that he was without resources to do develop claims. It was not until federal proceedings were commenced that San Nicolas's litigation team had access to sufficient funding to develop mental health and forensic claims. Second, based on review of the petition, the Court finds, except as noted *infra* respecting the proposed sealed addendum petition, the newly developed claims are not "plainly meritless." Third, although the duration of the stay of federal proceedings is dependent upon how long the state exhaustion petition is pending before the California Supreme Court, abeyance will not be indefinite. It will conclude upon the rendering of a final decision by the California Supreme Court on San Nicolas's pending state habeas exhaustion petition. Finally, there is no evidence of dilatory tactics on the part of San Nicolas's litigation team. Through case management oversight, the Court is satisfied that his attorneys immediately upon federal appointment commenced claim development through record review, witness interview, and expert consultation. Abeyance is warranted. "'[I]f the petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in dilatory tactics,' then the district court likely 'should stay, rather than dismiss, the mixed petition.'" *Pace v. DiGuglielmo*, 544 U.S. 408, 416-17 (2005) (quoting *Rhines*, 544 U.S. at 278). The Warden's opposition to abeyance is legally and factually unsupported.

**II.     Motion to File Claims and Exhibits Under Seal.**

On January 16, 2008, in addition to filing his 394-page petition and exhibits publicly, San Nicolas lodged a three-claim addendum petition and exhibits under seal. Concurrently, he filed the pending motion to file that addendum petition under seal. The bases for the sealing request are revealed in the allegations of the three claims, as detailed in the Court's February 20, 2008 sealed order.

The Court finds that the allegations contained Claim 1 are cognizable and justify San Nicolas's request to maintain the matters therein alleged under seal. The Court finds that the allegations contained in Claim 2 conflict with the allegations in Claim 1 so as to render Claim 2 non-cognizable. The Court further finds that the allegations contained in Claim 3 do not state a valid claim for relief because no actual underlying harm is alleged.

In his February 27, 2008 response, San Nicolas concedes that Claim 2, which is pleaded in the alternative to Claim 1, appears unlikely to succeed on the merits and that Claim 3 is speculative. San Nicolas requests that the Court exercise its discretion to dismiss Claims 2 and 3 without prejudice should he later be able to develop evidence supporting the theories presented in these claims. In that event, San Nicolas would move to further amend the petition, invoking the relation-back doctrine under Federal Rule of Civil Procedure 15(c). The request is reasonable.

**III.    Order.**

San Nicolas's motion to hold federal litigation on this matter in abeyance pending the completion of state exhaustion proceedings is granted. During the pendency of state exhaustion proceedings, San Nicolas shall file quarterly status reports commencing on or about the 15th of every third month beginning in March, 2008 until the conclusion of the state proceedings. Upon that occurrence, San Nicolas shall immediately notify the Court of the disposition of the state proceedings, and if his state petition is denied, he shall schedule a status hearing in this Court within 30 days of the state denial.

Claims 2 and 3 in the addendum petition are denied without prejudice under Rule 4 of the Rules Governing § 2254 case, as non-cognizable. Should San Nicolas develop further evidence in support of these claims, he may file a motion requesting leave to amend the addendum petition to re-allege either or both.

1  The addendum petition shall be filed under seal, with the only justiciable claim being Claim 1.
2  The addendum petition shall be filed as of January 16, 2008.
3  IT IS SO ORDERED.

5  Dated:    March 3, 2008

/s/ Lawrence J. O'Neill
Lawrence J. O'Neill
United States District Judge