UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RODNEY JESSE SAN NICOLAS,<br><br>        Petitioner,<br><br>  v.<br><br>KEVIN CHAPPELL, Warden San Quentin California State Prison,<br><br>        Respondent. | Case No.: 1:06-cv-00942 LJO<br><br>ORDER DIRECTING REPONDENT TO FILE AN ANSWER TO THE PETITION |

      This matter is before the Court following the February 13, 2014 Status Report Re: Exhaustion filed by Petitioner Rodney Jesse San Nicolas ("San Nicolas"). In this status report, San Nicolas has advised that the California Supreme Court denied his state exhaustion petition on February 11, 2014. A copy of the California court order is appended to San Nicolas's status report. Although state court denied one claim as premature, all claims were denied as untimely pursuant to *In re* Robbins, 18 Cal. 4th 770, 780-81 (1998). In addition, there were several claims denied because they previously were raised and rejected on San Nicolas's direct appeal in contravention to *In re Waltreus*, 62 Cal. 2d 218, 225, one claim could have been, but was not raised on direct appeal in noncompliance with *In re Dixon*, 41 Cal. 2d. 756, 759 (1953), and several claims could have been, but were not, raised in San Nicolas's initial state habeas petition in violation of *In re Clark*, 5 Cal.4th 750, 767-60 (1993).

1

1   The federal petition in this matter was filed on January 16, 2008 (doc. 65).[1]  Because the petition was mixed and San Nicolas met the requirements for abeyance under *Rhines v. Weber*, 544 U.S. 269 (2005), the Court ordered abeyance on March 3, 2008 (doc. 88).  In addition to the petition mentioned above, San Nicolas lodged under seal an additional three claims in a separate pleading (doc. 89).  This pleading was permitted to be filed under seal, but the Court denied without prejudice Claims 2 and 3 of this pleading in the same order granting abeyance (doc. 88).[2]  The sealed pleading, of which Claim 1 survives, was served on the Warden.  Sealed Claim 1 (of doc. 89) and all the allegations of the unsealed petition (doc. 65) shall be referred to hereinafter, collectively, as the "Petition."

Case management policies in effect when this case was instituted required the petitioner to file an unbriefed petition and the respondent to file an unbriefed answer before the Court addressed any procedural or substantive issues.  That policy will be followed here.   Since the Petition in this case is the operative petition, the Warden shall file an unbriefed answer.  To maintain the integrity of sealed Claim 1 (doc. 89), the Warden's answer to that claims shall be filed under seal (but served on the counsel for San Nicolas).  To be clear, the answer shall address all the allegations in the petition consistent with Rule 5 of the Rules Governing § 2254 Cases, that is, in the same manner an answer would address the allegations of a complaint or a petition in a regular civil case, by admitting and denying the allegations in the Petition.  Further, *all* procedural *and* substantive defenses shall be included in the answer.  The Warden is discouraged from providing excess briefing on procedural default and the rule against retroactivity under *Teague v. Lane*, 489 U.S. 288 (1989).  The merits of the claims alleged will be addressed prior to these procedural defenses.

Matters of exhaustion and the statute of limitations, however, shall be addressed prior to merits briefing.  Therefore if the Warden believes that there remain any unexhausted claims or that the statute

---

[1] The petition was accompanied by eleven *volumes* of exhibits (docs. 68, 69, 70, 71, 74, 75, 76, 77, 78, 79, and 80).

[2] The three claims submitted under seal on January 16, 2008 also were presented to the California Supreme Court with a request that they be filed under seal. The California court assigned a separate case number to this pleading. On April 9, 2008 the state court denied the request to file the pleading under seal, returned the petition to counsel for San Nicolas, and closed the case.

of limitations is not met, he shall file a memorandum of points and authorities identifying those claims.  In light of the length of the Petition, which is nearly 400 pages, the Warden's brief shall be due no later than four calendar weeks from the filing of this order.

If the Warden does not identify any exhaustion or statute of limitations issues, he may file his comprehensive answer, as explained above, no later than six calendar weeks from the filing of this order.  Once the answer is filed and the Court determines that the case is at issue, the Court will set a Phase III case management conference to discuss briefing the merits of the Petition as well as San Nicolas's anticipated request for further evidentiary development.

The generous time-table for the Warden's brief and answer are provided so that there will be neither the need for the Warden to *request* an extension of time, nor for the Court to *deny* it.  Four and six weeks, respectively, provide more than enough time for the Warden's attorneys to arrange their schedule to comply with the due dates herein established.

IT IS SO ORDERED.

Dated:  February 19, 2014

>                /s/ Lawrence J. O'Neill
>                Lawrence J. O'Neill
>              United States District Judge

O4Respt2FileAnswer.SanNic1