1
2
3
4
5
6
7

## UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RODNEY JESSE SAN NICOLAS, | Case No.  1:06-cv-00942 LJO-SAB |
| Petitioner, | |
| v. | **FINDINGS AND RECOMMENDATIONS RECOMMENDING GRANTING RESPONDENT'S MOTION TO DISMISS FOR LACK OF EXHAUSTION** |
| KEVIN CHAPPELL, as Warden of California State Prison at San Quentin, | |
| Respondent. | (ECF No. 116) |
| | OBJECTIONS DUE WITHIN FOURTEEN DAYS |

Petitioner Rodney Jesse San Nicolas ("Petitioner") filed an application for stay of execution on July 20, 2006.  Respondent Kevin Chappell ("Respondent"), as Warden of California State Prison at San Quentin, filed a motion to dismiss on March 17, 2014. Respondent contends Sealed Claim 1 is unexhausted and must be dismissed from the petition, or in the alternative, if Petitioner refuses to dismiss the claim, that the entire petition must be dismissed under Rose v. Lundy, 455 U.S. 409, 515 (1982), as mixed.  A telephonic hearing was held on the matter on April 24, 2014 at 9:30 a.m., in Courtroom 9, before the Honorable Stanley A. Boone.  Counsel Wesley Van Winkle and Harry Simon, Assistant Federal Defender, appeared telephonically for Petitioner.  Angelo Edralin and Sean McCoy, Deputies Attorney General, appeared telephonically for Respondent.

## I.

## PROCEDURAL HISTORY

Petitioner commenced this action on July 20, 2006 with the filing of an application for stay of execution, to proceed in forma pauperis, and for appointment of counsel.  After receiving

F&Rs2GrantMo2Dismiss-San

1   a recommendation from the Section Board for the Eastern District of California, the Court
2   appointed CJA attorney Wesley Van Winkle on February 2, 2007 as "interim" counsel.  On
3   March 9, 2007, the Court granted Petitioner's motion for equitable tolling, up to and including
4   January 16, 2008.   The Court appointed the Federal Defender of the Eastern District, by
5   Assistant Federal Defender Harry Simon, as co-lead-counsel on March 30, 2007.  On July 12,
6   2007, Petitioner filed a "protective" petition pursuant to Pace v. DiGuglielmo, 544 U.S. 408, 416
7   (2005).  The protective petition was followed by Petitioner's amended petition on January 16,
8   2008.

9        The amended petition is comprised of two separate pleadings (as well as numerous
10  exhibits): a publicly filed petition and a petition consisting of three claims lodged under seal.  On
11  the same day, Petitioner moved to be permitted to file his sealed petition and for an order to hold
12  federal proceedings in abeyance during exhaustion of his state remedies.  After receiving further
13  briefing from the parties, on March 3, 2008, the court granted Petitioner's motion for abeyance
14  and permitted the filing of the sealed petition (effective January 16, 2008).  However, the Court
15  dismissed sealed Claims 2 as contradicting sealed Claim 1, and sealed Claim 3 as noncognizable.

16       On the same day Petitioner presented his federal petition, he presented his state
17  exhaustion petitions to the California Supreme Court in the same format.  As shown by the
18  exhibit attached to Respondent's motion, the main state exhaustion petition was filed publicly
19  under California Case No. S160027 and the sealed petition was lodged under Case No. S160078,
20  together with a request for the state court to permit filing of the sealed petition.  Both parties
21  report that the request to file the state lodged petition under seal was substantially similar to the
22  federal application. On April 9, 2008, the California court summarily denied Petitioner's motion
23  to file the sealed petition and supporting documentation.  The order further directed the clerk to
24  return all of the lodged documents to Petitioner's counsel and closed Case No. S160078.

25                                        **II.**

26                      **STANDARD FOR DETERMINING EXHAUSTION**

27       The rule requiring state prisoners to exhaust federal claims in state court before seeking
28  federal habeas relief is codified in 28 U.S.C. § 2254, which provides:

F&Rs2GrantMo2Dismiss-San

(b)(1)  An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that –

(A)  the applicant has exhausted the remedies available in the courts of the State; or

(B)      (i) there is an absence of available State corrective process; or

(ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

Comity is the principle underlying this rule.  Duncan v. Walker, 533 U.S. 167, 178 (2001).  "The exhaustion requirement of § 2254(b) ensures that the state courts have the opportunity fully to consider federal-law challenges to a state custodial judgment before the lower federal courts may entertain a collateral attack upon that judgment.  Id. at 178-79.  The exhaustion requirement is satisfied when the state court has had a fair opportunity to consider the claim in question.  Picard v. Connor, 404 U.S. 270, 276 (1971); Vasquez v. Hillery, 474 U.S. 254, 257 (1986); Gatlin v. Madding, 189 F.3d 882, 887 (9th Cir. 1999).

To satisfy the exhaustion a requirement, the applicant also must present the claim to the highest state court and through the "proper vehicle."  Scott v. Schriro, 567 F.3d 573, 582 (9th Cir. 2009) (citing Castille v. Peoples, 489 U.S. 346, 351 (1989)).   The Ninth Circuit has held that when a claim is properly presented to the highest court of the state, and the state court has discretion to review the claim, but chooses not to review it, the exhaustion requirement is satisfied.  Russell v. Rolfs, 893 F.2d 1033, 1035-36 (9th Cir. 1990).

## III.

## RESPONDENT'S ARGUMENT

The gravamen of Respondent's argument is that Petitioner's presentation of Sealed Claim 1 to the California Supreme Court was not in a procedural context in which its merits could be considered.  Roettgen v. Copeland, 33 F.3d 36, 38 (9th Cir. 1994) (citing Castille v. Peoples, supra, 489 U.S. at 351).   Accordingly, Petitioner did not afford the state court a "fair opportunity" to review the merits of the claim.  Referencing California Rule of Court 2.550(c), that court records are presumed to be open, Respondent sets out the requirements under Rule 2.550(d) for filing an exhibit or pleading under seal:

1.       There exists an overriding interest that overcomes the right of public access to the record;

2.       The overriding interest supports sealing the record;

3.       A substantial probability exists that the overriding interest will be prejudiced if the record is not sealed;

4.       The proposed sealing is narrowly tailored;

5.       No less restrictive means exist to achieve the overriding interest.

In denying Petitioner's request to file the lodged petition under seal, Respondent maintains the state court implicitly found Petitioner failed to meet his burden under these criteria. He bolsters this argument by the fact that, as Petitioner claims, the California Supreme Court routinely entertains and frequently grants motions to file habeas claims or exhibits under seal. Respondent argues Petitioner still had other options to achieve his goal of filing the state lodged petition under seal.  He could have sought review of the state court denial on a motion for reconsideration or he could have filed the lodged petition publicly.  Instead, Petitioner chose to abandon the lodged sealed petition (including Sealed Claim 1).

## VI.

## PETITIONER'S ARGUMENT

Relying on the broad view of the exhaustion doctrine, Petitioner refutes that Respondent's contention the procedural manner in which he presented the sealed petition to the California Supreme Court was defective.  Petitioner stresses that all exhaustion requires is for the claim to be "fairly presented," citing Vasquez v. Hillery, supra, 474 U.S. at 257.  He maintains that the procedure he used to request the state court to file his sealed claims under seal afforded the state court a "full and fair opportunity to address and resolve the claims on the merits," citing Keeney v. Tamayo-Reyes, 504 U.S. 1, 10 (1992).

Petitioner distinguishes both of the cases Respondent relies on for the proposition that he presented his sealed claims to the California Supreme Court in a procedural context in which its merits could not be considered.  Petitioner notes that in Castille v. Peoples, supra, 489 U.S. 346, the petitioner raised his post-conviction claims to the Pennsylvania Supreme Court in a petition

4

for allocator, a review mechanism which requires a showing of special circumstances and is purely discretionary.  See id. at 351.  In contrast, Petitioner cites to California Government Code §§ 68660-68666 and Penal Code § 1473 which provide that habeas corpus is a matter of right, not discretionary.

Next Petitioner addresses Roettgen v. Copeland, supra, which involved Arizona state rules.  The petitioner in that case filed a petition for habeas corpus with the Arizona Supreme Court, when the correct procedure was to file a petition for post-conviction relief pursuant to Rule 32 of the Arizona Rules of Criminal Procedure.  In dismissing the petitioner's habeas corpus proceeding, the Arizona state court advised the petitioner to avail himself of the post-conviction petition procedure under Rule 32, but the petitioner did not do so.  Id. at 39.  Petitioner states that both of these cases stand for the unremarkable proposition that a federal habeas petitioner, who has presented his post-conviction claims through an incorrect procedure, has not exhausted his federal claims.  He argues that presenting his post-conviction claims to the California Supreme Court is the correct procedure.

Petitioner then suggests that because this Court sealed the same claims and also "reviewed" the matter that this is relevant to show that the California Supreme Court conducted a similar review and analysis.  Finally, Petitioner contends that the California Supreme Court's denial of the sealing request was unreasonable, but even so, the state court had a full and fair opportunity to consider the merits of those claims.

During oral argument, Petitioner argued an alternative point, under § 2254(b)(1)(B), that the facts of this case resulted in the absence of a corrective process.  Petitioner maintains he could not file the sealed claims publicly because to do so would put his safety at risk.  Thus, he pointed out, there was no corrective process available to him when the California Supreme Court denied his request to seal and returned all of the documents to his attorneys.

**V.**

**ANALYSIS**

The parties' respective arguments, as well as independent legal research conducted by the Court, reveal there is no authority that a request to the California Supreme Court to file a petition

5

1   under seal constitutes a full and fair opportunity to review the merits of the petition.  While the

2   Court agrees that the authorities relied on by Respondent are distinguishable from Petitioner's

3   case, they do not establish that a sealing application is the proper procedure for the California

4   Supreme Court to review the merits of the petition.  However, the controlling question is whether

5   the sealing request afforded the state court the opportunity to review the merits of the petition.

6   The answer is, it did not.

7          The California Supreme Court has promulgated specific criteria to justify sealing under

8   Rule 2.550(d).  In this case, all this Court knows is that the California Supreme Court denied the

9   sealing request.  Whether the court denied the request to seal because Petitioner failed to address

10  some or all the factors or whether it was denied by considering all factors addressed by Petitioner

11  is unknown: the fact remains that the California Supreme Court denied the request to seal.  Due

12  to this lack of record from the court, this Court assumes, for purposes of comity, that the

13  California Supreme Court only considered the factors it is required to consider Rule 2.550(d).

14  Petitioner, who bears the burden of proving exhaustion here, offers no authority to the contrary.

15  Reviewing these factors found in Rule 2.550(d), the merits of a claim sought to be sealed is not a

16  factor to consider. Accordingly, this Court finds claim 1 was not "fairly presented" to the Court,

17  and hence, the claim was not exhausted.

18         Next, the Court considers if despite this failure to exhaust, there was no corrective action

19  which could have been taken by Petitioner within the meaning of 2254(b)(1)(B)(i), which

20  excuses the exhaustion of the claim.  The answer is no.  Because the record may have been

21  unclear as to what the California Supreme Court did, the Petitioner should have sought

22  clarification from the state court in the form of a motion to determine whether the court denied

23  his request because the factors were insufficiently addressed, were not addressed or that the court

24  considered the merits and rejected the claim.

25         Taking up Petitioner's argument that this Court addressed the cognizability of the claims

26  in the sealed petition when it decided Petitioner's request to seal, the Court disagrees.  First,

27  standards for sealing are different in federal and state court.  Under Rule 5.2(d) of the Federal

28  Rules of Civil Procedure, the party requesting to seal a judicial record must articulate compelling

F&Rs2GrantMo2Dismiss-San

1    reasons supported by specific factual findings that outweigh the general history of access and
2    public policies favoring disclosure of judicial records. <u>Kamakana v. City and County of</u>
3    <u>Honolulu</u>, 447 F.3d 1172, 1178-79 (9th Cir. 2006). Federal courts are not obligated to consider
4    the factors under California Rule of Court 2.550(d). Further in the sealing request before this
5    Court, the matter was fully briefed with Respondent filing an opposition, and Petitioner filing a
6    reply. The California Supreme Court docket discloses no similar briefing. Second, while this
7    Court reviewed the claims in the petition for cognizability under Rule 4 of the Rules Governing §
8    2254 Cases in the course of determining to seal the petition, this review was not due to a
9    standard governed under federal sealing principles, but in an effort to be judicially efficient in
10   light of this district's large caseload.

11        At the oral argument, the Court noted an important aspect of Petitioner's argument.
12   Petitioner contends that when a petitioner seeks to seal a document in state court and that request
13   is denied, the state court denial equates to exhaustion within the meaning of federal law. It
14   seems to this Court that an additional requirement would have to be imposed by a federal court
15   to look at whether the request to seal in state court was presented in good faith. If such a
16   requirement were not imposed, a petitioner could simply exhaust a claim by filing an
17   unsuccessful request to seal a petition, even if the sealing request were made in bad faith. This
18   process would clearly not meet the requirements of being "fairly presented" to the state court for
19   exhaustion purposes. Since no law exists which would support such a requirement, the Court
20   declines to find that Sealed Claim 1 was exhausted or that there was no corrective action
21   available to Petitioner. Accordingly, the Court finds that the Petitioner had an available state
22   corrective process.

23                                            **VI.**

24                          **CONCLUSION AND RECOMMENDATION**

25        The Court finds that Petitioner did not exhaust Sealed Claim 1 because the procedure he
26   used did not afford the California Supreme Court the opportunity to consider the merits of the
27   claim. The Court further finds that Petitioner had the option of seeking review of the state
28

F&Rs2GrantMo2Dismiss-San

1  court's summary denial from the California Supreme Court or petitioning the United States
2  Supreme Court for a writ of certiorari if that review were unavailable or insufficient.

3          Based on the foregoing, IT IS HEREBY RECOMMENDED that:

4      1.      Respondent's motion to dismiss be GRANTED; and

5      2.      Petitioner be given the option of withdrawing Sealed Claim 1 from the federal
6              petition, or suffering dismissal of the petition, as mixed.

7          These findings and recommendations are submitted to the district judge assigned to this
8  action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 304.  Within fourteen
9  (14) days of service of this recommendation, any party may file written objections to these
10  findings and recommendations with the Court and serve a copy on all parties.  Such a document
11  should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The
12  district judge will review the magistrate judge's findings and recommendations pursuant to 28
13  U.S.C. § 636(b)(1)(C).  The parties are advised that failure to file objections within the specified
14  time may waive the right to appeal the district judge's order.  L.R. 304(b).  Martinez v. Ylst, 951
15  F.2d 1153 (9th Cir. 1991).

16

17          IT IS SO ORDERED.

18      Dated:   **May 9, 2014**            _____
19                                          UNITED STATES MAGISTRATE JUDGE
20
21
22
23
24
25
26
27
28

F&Rs2GrantMo2Dismiss-San