# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RODNEY JESSE SAN NICOLAS,<br><br>    Petitioner,<br><br>    v.<br><br>ROBERT L. AYERS, JR., Warden of California State Prison at San Quentin.,<br><br>    Respondent. | Case No. 1:06-cv-00942-LJO-SAB<br><br>ORDER REMANDING PETITIONER'S SEALED CLAIM TO THE CALIFORNIA SUPREME COURT FOR CLARIFICATION WITH SPECIFIC QUESTIONS |

On January 16, 2008, Petitioner Rodney Jesse San Nicolas filed in this Court an amended petition for habeas corpus containing 37 claims and an addendum petition setting forth three claims that Petitioner sought to file under seal. On the same day, he publicly filed with the California Supreme Court an exhaustion petition for writ of habeas corpus setting forth 37 claims and lodged under seal a three-claim addendum petition, accompanied by a motion to seal. On April 9, 2008, the California Supreme Court denied Petitioner's motion to file the addendum petition under seal, and returned the addendum petition and its exhibits to Petitioner unfiled. *See* California Supreme Court Docket No. 160078, April 9, 2008. The Court provided no explanation of its denial of the motion to seal.

On February 11, 2014, the California Supreme Court denied the 37-claim exhaustion petition. Accordingly, on February 20, 2014, this Court ordered Respondent to answer the federal petition.

On March 17, 2014, Respondent moved to dismiss the federal petition based on Petitioner's failure to present fairly to the California Supreme Court, and thus exhaust, the claims that Petitioner had sought to seal in the addendum petition that had been rejected in the state court. Petitioner opposed the motion, contending that the review of his motion to seal three claims set forth in an addendum petition offered the California Supreme Court a full and fair opportunity to address and resolve the claim on the merits.

The matter was referred to the Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302. On May 9, 2014, the Magistrate Judge filed findings and recommendations recommending that the Court grant Respondent's motion to dismiss the petition because of the mixed claims. The Magistrate Judge reasoned that, in the absence of an order of the California Supreme Court's articulating the nature of its review of Petitioner's motion to seal certain claims, this Court could not conclude that the California courts had full and fair notice of Petitioner's claims and an opportunity to rule on them.

Petitioner filed objections on May 23, 2014, disagreeing with the Magistrate Judge and arguing that the Petitioner's first sealed claim was fully exhausted within the meaning of 28 U.S.C. § 2254(b)(1)(A), or in the alternative, excused under 28 U.S.C. § 2254(b)(1)(B). In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), this Court has conducted a *de novo* review of the case record and applicable law, and declines to adopt or reject the findings and recommendations. Instead, this Court remands the matter back to the State Supreme Court with limited and specific questions in the interest of judicial economy for both courts.

A petitioner who is in state custody and wishes to challenge collaterally his conviction by a petition for writ of habeas corpus must first exhaust state judicial remedies. 28 U.S.C. § 2254(b)(1). Based on comity to the state court, the exhaustion requirement gives the state court the initial opportunity to correct the state's alleged constitutional deprivations. Coleman v. Thompson, 501 U.S. 722, 731 (1991); Rose v. Lundy, 455 U.S. 509, 518 (1982); Buffalo v. Sunn, 854 F.2d 1158, 1163 (9th Cir. 1988). To satisfy the exhaustion requirement, the petitioner must give the highest state court a full and fair opportunity to consider each claim before he or she presents it to the federal court. Duncan v. Henry, 513 U.S. 364, 365 (1995); Picard v. Connor, 404 U.S. 270, 276 (1971); Johnson v. Zenon, 88 F.3d 828, 829 (9th Cir. 1996). The exhaustion requirement is intended to channel claims into an appropriate forum, where meritorious claims may be vindicated and unfounded litigation obviated before resort to federal court. Keeney v. Tamayo-Reyes, 504 U.S. 1, 10 (1992), *abrogated by statute on other grounds*, Williams v. Taylor, 529 U.S. 420, 421 (2000).

Whether a highest state court's denial of a motion to seal a petitioner's claim constitutes exhaustion under federal law is a novel question. This Court declines to resolve the question on the record that is now before it. Instead, to promote justice and judicial economy, this Court REMANDS Petitioner's sealed claim one to the Supreme Court of the State of California for the limited purpose of answering the following succinct questions:

1. In denying Petitioner's motion to seal the three claims set forth in the addendum petition, did the Court evaluate the motion according to the factors set forth in California Civil Code § 2.550(d)? If not, what standards did the Court apply in determining to deny Petitioner's motion to seal?

2. Did the Court consider the merits of the claims that Plaintiff sought to seal?  If the Court did not consider the merits of the claims that Petitioner sought to seal, did the Court have the discretion to do so?  If so, why did the Court elect not to consider the claims' merits?

3. Was the Court's determination to deny Petitioner's motion to seal a purely procedural matter?  If so, what was the procedural basis for the Court's denial of Petitioner's motion to seal?

IT IS SO ORDERED.

Dated: **August 28, 2014**              **/s/ Lawrence J. O'Neill**
                                        UNITED STATES DISTRICT JUDGE