UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **RODNEY JESSE SAN NICOLAS,**<br><br>Petitioner,<br><br>v.<br><br>**KEVIN CHAPPELL, as warden of California State Prison at San Quentin,**<br><br>Respondent. | 1:06-CV-000942-LJO-SAB<br><br>MEMORANDUM DECISION AND ORDER GRANTING MOTION TO RECONSIDER ORDER REMANDING PETITIONER'S SEALED CLAIM TO THE CALIFORNIA SUPREME COURT (Doc. 135); DECLINING TO ADOPT FINDINGS AND RECOMMENDATIONS RE RESPONDENT'S MOTION TO DISMISS FOR LACK OF EXHAUSTION (Doc. 125); AND DENYING MOTION TO DISMISS (Doc. 116) |

## I. INTRODUCTION

Petitioner Rodney Jesse San Nicolas ("Petitioner") filed an application for stay of execution on July 20, 2006. Doc. 1. Respondent Kevin Chappell ("Respondent"), as Warden of California State Prison at San Quentin, filed a motion to dismiss on March 17, 2014. Doc. 116. Respondent contends Sealed Claim 1 is unexhausted and must be dismissed from the petition, or in the alternative, if Petitioner refuses to dismiss the claim, that the entire petition must be dismissed under *Rose v. Lundy*, 455 U.S. 409, 515 (1982), as mixed. *Id*.

The assigned Magistrate Judge issued Findings and Recommendations ("F&Rs") regarding the motion to dismiss on May 9, 2014, recommending that the Court find Claim 1 to be unexhausted. Doc. 125. On August 29, 2014, after considering objections filed by Petitioner, the Court issued an order referring certain questions to the California Supreme Court in order to aid the Court's evaluation of whether Claim 1 should be deemed exhausted ("Referral Order"). Doc. 134. On September 5, 2014, Respondent moved for reconsideration of the Referral Order, arguing, among other things, that a district

1

court cannot refer questions to the California Supreme Court. Doc. 135. Petitioner responded. Doc. 136.

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court conducted a *de novo* review of this matter, GRANTS the motion for reconsideration, VACATES the Referral Order, DECLINES to adopt the F&Rs, and DENIES the motion to dismiss.

## II. BACKGROUND/PROCEDURAL HISTORY

### A.    Federal Petition.

Petitioner commenced this action on July 20, 2006 with the filing of an application for stay of execution, to proceed *in forma pauperis*, and for appointment of counsel. Doc. 1. The Court appointed CJA attorney Wesley Van Winkle on February 2, 2007 as "interim" counsel. Doc. 13. On March 9, 2007, the Court granted Petitioner's motion for equitable tolling, up to and including January 16, 2008. Doc. 32. The Court appointed Assistant Federal Defender Harry Simon as co-lead-counsel on March 30, 2007. Doc. 41.

On July 12, 2007, Petitioner filed a "protective" petition pursuant to *Pace v. DiGuglielmo*, 544 U.S. 408, 416 (2005). Doc. 52. The protective petition was followed by Petitioner's amended petition on January 16, 2008. Doc. 65. The amended petition is comprised of two separate pleadings (as well as numerous exhibits): a publicly filed petition, and a petition consisting of three claims lodged under seal. Petitioner moved to be permitted to file his sealed petition and for an order to hold federal proceedings in abeyance during exhaustion of his state remedies. Doc. 66. After receiving further briefing from the parties, on March 3, 2008, the court granted Petitioner's motion for abeyance and permitted the filing of the sealed petition (effective January 16, 2008). Doc. 88. However, the Court dismissed sealed Claims 2 as contradicting sealed Claim 1, and sealed Claim 3 as non-cognizable. *Id*.

### B.    Relevant State Petitions.

On the same day Petitioner presented his federal petition, he presented his state exhaustion petitions to the California Supreme Court in the same format. The main state exhaustion petition was filed publicly under California Case No. S160027, and the sealed petition was lodged under Case No. S160078, together with a request for the state court to permit filing of the sealed petition. Doc. 116-1 &

116-2. Both parties indicate that the request to file the state petition under seal was substantially similar to the federal application. Doc. 116 at 2; Doc. 119 at 3. On April 9, 2008, the California court summarily denied Petitioner's motion to file the sealed petition and supporting documentation. The order further directed the clerk of that court to return all of the lodged documents to Petitioner's counsel and close Case No. S160078. *See* Doc. 116-2.

### III. DISCUSSION

The rule requiring state prisoners to exhaust federal claims in state court before seeking federal habeas relief is codified in 28 U.S.C. § 2254, which provides:

> (b)(1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that –
>
> (A) the applicant has exhausted the remedies available in the courts of the State; or
>
> (B) (i) there is an absence of available State corrective process; or
>
> (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

Comity is the principle underlying this rule. *Duncan v. Walker*, 533 U.S. 167, 178 (2001). "The exhaustion requirement of § 2254(b) ensures that the state courts have the opportunity fully to consider federal-law challenges to a state custodial judgment before the lower federal courts may entertain a collateral attack upon that judgment. *Id*. at 178-79.

To satisfy the exhaustion requirement, a state prisoner must "fairly present" his federal claim to the state courts by giving the state courts a fair opportunity to consider and correct violations of the prisoner's federal rights. *See Duncan v. Henry*, 513 U.S. 364, 365 (1995); *Peterson v. Lampert*, 319 F.3d 1153, 1155-56 (9th Cir. 2003) (en banc). A state prisoner seeking relief with respect to a California conviction is required to "fairly present" his federal claims to the California Supreme Court. *See Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (a state prisoner must fairly present his claim to a state supreme court having the power of discretionary review); *Keating v. Hood*, 133 F.3d 1240, 1242 (9th Cir. 1998). To fairly present a claim to the California Supreme Court, the petitioner must describe not

3

only the operative facts but also the federal legal theory on which the claim is based. *See Duncan*, 513 U.S. at 365-66; *Davis v. Silva*, 511 F.3d 1005, 1009 (9th Cir. 2008).

To satisfy the exhaustion a requirement, the applicant also must present the claim through the "proper vehicle." *Scott v. Schriro*, 567 F.3d 573, 582 (9th Cir. 2009) (citing *Castille v. Peoples*, 489 U.S. 346, 351 (1989)). A claim is not fairly presented if it is raised "in a procedural context in which its merits will not be considered," absent special circumstances. *Castille*, 489 U.S. at 351. The Ninth Circuit has held that when a claim is properly presented to the highest court of the state, and the state court has discretion to review the claim, but chooses not to review it, the exhaustion requirement is satisfied. *Russell v. Rolfs*, 893 F.2d 1033, 1035-36 (9th Cir. 1990).

Here, the key question is whether the California Supreme Court's summary denial of Petitioner's motion to file his sealed petition satisfies the exhaustion requirements. California Rule of Court 2.550(d), which governs the filling of an exhibit or pleading under seal, requires the following "express factual findings" before a record may be sealed:

> (1) There exists an overriding interest that overcomes the right of public access to the record;
> (2) The overriding interest supports sealing the record;
> (3) A substantial probability exists that the overriding interest will be prejudiced if the record is not sealed;
> (4) The proposed sealing is narrowly tailored; and
> (5) No less restrictive means exist to achieve the overriding interest.

At the heart of the F&Rs recommendation that the motion to dismiss should be granted is the conclusion that Petitioner's filing of a sealing request subject to Rule 2.550(d) did not afford the state the opportunity to review the merits of the petition because "the merits of a claim sought to be sealed is not a factor to consider" and, therefore, Claim 1 was not fairly presented to the California Supreme Court. Doc. 125 at 6.

In evaluating this recommendation, this Court believed it would benefit from clarification of how California Supreme Court applies Rule 2.550. Therefore, the Referral Order requested answers to a series of questions, including whether the California Supreme Court "considere[d] the merits of the

4

claims that Plaintiffs sought to seal." Doc. 134 at 4. However, Respondent's motion for reconsideration points out, correctly, that while California Rule of Court 8.548 provides a mechanism for referring questions to the California Supreme Court, that mechanism only invites such "requests for decision" from "the United States Supreme Court, a United States Court of Appeals, or the court of last resort of any state territory or commonwealth." Accordingly, because there is no mechanism for a district court to refer questions to the California Supreme Court, Respondent's motion for reconsideration is GRANTED and the Referral Order is VACATED.

Nevertheless, even without further clarification from the California Supreme Court, this Court believes the present record permits a ruling on the pending motion to dismiss. This is a question of first impression. This Court agrees with the F&Rs that the cases cited by Respondent, *Castille*, 489 U.S. 346, and *Roettgen v. Copeland*, 33 F.3d 36, 38 (9th Cir. 1994), are inapposite, as both concern procedural contexts in which the merits of the post-conviction claims could not be considered. In *Castille*, the petitioner raised post-conviction claims in a petition for allocatur, a discretionary form of review in which the merits would not be considered unless "there are special and important reasons therefor." *Id*. at 351. In *Roettgen*, the petitioner used an incorrect procedure for post-conviction relief, and, when informed of the error, failed to avail himself of the proper procedure. 33 F.3d at 38. In contrast, here, Petitioner's state filing triggered a non-discretionary evaluation under California Rule of Court 2.550(d).

This Court departs from the reasoning of the F&R with respect to whether the requisite analysis under Rule 2.550(d) afforded the California Supreme Court an opportunity to consider the merits of Claim 1. Rule 2.550(d) requires the reviewing court to examine whether the request to seal is supported by an interest that overrides the right of the public to access records, that the interest would be prejudiced if sealing were not permitted, and that the proposed sealing is narrowly tailored and no more restrictive than necessary. In this case, the merits of Claim 1 and the interest advanced in support of sealing substantially overlap. In order for the California Supreme Court to make a determination under Rule 2.550(d) that sealing was not warranted, it would necessarily have had to examine the merits of Claim 1. Although it is conceivable that the California Supreme Court denied permission to seal because

the request was not narrowly tailored, the nature of Claim 1 makes this highly unlikely, as any papers discussing Claim 1 would have the potential to trigger the interests underlying the sealing request. In light of this, had the California Supreme Court found Claim 1 to be meritorious, this Court is at a loss to explain how or why the motion to file the Claim under seal could have been denied. Accordingly, as a matter of logic, Claim 1 was presented in a procedural context in which its merits were considered. As a result, Petitioner exhausted Claim 1 and Respondent's motion to dismiss is DENIED.

## **CONCLUSION AND ORDER**

For the reasons set forth above, this Court

(1) GRANTS Respondent's motion for reconsideration;

(2) VACATES the Referral Order;

(3) DECLINES to adopt the F&Rs; and

(4) DENIES the motion to dismiss.

IT IS SO ORDERED.

Dated:   **October 22, 2014**            /s/ Lawrence J. O'Neill
                                         UNITED STATES DISTRICT JUDGE