# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RODNEY JESSE SAN NICOLAS, | Case No. 1:06-cv-00942-LJO-SAB |
| Petitioner, | <u>DEATH PENALTY CASE</u> |
| v. | ORDER SETTING CASE MANAGEMENT CONFERENCE  AND INITIATING PHASE III BUDGET |
| KEVIN CHAPPELL, as Warden of San Quentin State Prison, | |
| Respondent. | Date:   September 22, 2015<br>Time:   10:00 a.m.<br>TELEPHONIC |

This matter is before the Court on the parties' August 21, 2015 joint statement regarding phase III scheduling (ECF No. 152).  By this order, the Court sets a telephonic case management conference to establish scheduling and budgeting for phase III.

**I.**

**BACKGROUND**

On September 10, 1992, the trial court sentenced Petitioner to death following a jury verdict finding him guilty of two counts of murder, one count of forcible rape, and one count of forcible lewd or lascivious acts upon a child under the age of 14.  Petitioner's conviction and

1

sentence were affirmed on state direct appeal on December 6, 2004. The Supreme Court denied Petitioner's writ of certiorari on October 3, 2005. Petitioner's state petition for writ of habeas corpus in the California Supreme Court was denied on July 12, 2006.

On February 2, 2007, this Court appointed Wesley A. Van Winkle as counsel to represent Petitioner. On March 30, 2007, the Federal Defender's Office was appointed co-counsel with Mr. Van Winkle.

Petitioner filed a protective petition in this Court on July 12, 2007. On January 16, 2008, he filed an amended federal petition. He concurrently filed a three claim addendum petition, which the Court ordered filed under seal, with the only justiciable claim therein being claim 1.

On March 3, 2008, the Court ordered these proceedings held in abeyance of Petitioner's state exhaustion petition. On February 11, 2014, the California Supreme Court denied the exhaustion petition.

On February 20, 2014, the Court ordered Respondent to either identify unexhausted claims or answer the petitions. Respondent filed a motion to dismiss as unexhausted sealed claim 1, which the Court denied on October 23, 2014.

On February 6, 2015, the Court ordered Respondent to answer the unsealed and sealed petitions, and ordered the parties to meet and confer and file a joint statement regarding transition to phase III.

Respondent answered the unsealed petition on July 22, 2015. He answered the sealed petition on July 30, 2015.

The parties filed their noted joint statement on August 21, 2015.

## II.

## DISCUSSION

The parties' joint statement suggests that Respondent does not intend to file any amended answer; that all claims have been exhausted; and that no procedural or limitations issues require discussion prior to moving this case to phase III.

Additionally, the parties' joint statement proposes a schedule for phase III merits briefing of the thirty-eight (38) claims in the amended petition and claim 1 in the sealed petition.

The Court will conduct a phase III case management conference to address these and other issues. The parties should be prepared to address the facts underlying their current scheduling assumptions and options for expediting phase III briefing. The merits of all claims will be addressed prior to procedural defenses and defenses under Teague v. Lane, 489 U.S. 288 (1989).

In addition, Petitioner, through counsel, shall file under seal a proposed phase III budget by not later than September 15, 2015.

At the conclusion of the case management conference, Respondent's counsel will be excused and the conference will continue ex parte with counsel for Petitioner present to discuss budgeting issues.

## III.

## ORDER

Accordingly, it is HEREBY ORDERED that a telephonic case management conference to establish scheduling and budgeting for phase III is set for September 22, 2015, at 10:00 a.m. in Courtroom 9 before the undersigned. The attorneys are directed to contact the Court's Courtroom Deputy Clerk, Mamie Hernandez, to obtain the teleconference code.

IT IS SO ORDERED.

Dated: __August 25, 2015__

UNITED STATES MAGISTRATE JUDGE