UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RODNEY JESSE SAN NICOLAS,<br><br>    Petitioner,<br>v.<br><br>RON DAVIS, Warden of San Quentin State Prison,<br><br>    Respondent.[1] | Case No. 1:06-cv-00942-DAD-SAB<br><br>DEATH PENALTY CASE<br><br>ORDER GRANTING PETITIONER'S UNOPPOSED REQUEST TO FILE DOCUMENT UNDER SEAL<br><br>(Doc. No. 161) |

Before the Court is petitioner's December 22, 2016 unopposed request to file under seal his memorandum of points and authorities regarding 28 U.S.C. § 2254(d) and the merits of his sealed claim 1. Petitioner states that the memorandum of points and authorities discusses confidential information contained in sealed claim 1 of his addendum petition and is covered by the court's September 23, 2015 order directing that all pleadings addressing sealed claim 1 be filed under seal.

Petitioner represents that he has discussed this matter with counsel for respondent, Deputy Attorney General Angelo Edralin, who does not oppose the instant request to file the document in question under seal.

/////

---

[1] Pursuant to Federal Rule of Civil Procedure 25(d), Ron Davis, Warden of San Quentin State Prison, is substituted as respondent in this action in place of his predecessor wardens.

1

Accordingly, petitioner's sealing request (Doc. No. 161) is granted as follows:

1. The Clerk of the Court is directed to file under seal petitioner's sealed memorandum of points and authorities regarding 28 U.S.C. § 2254(d) and the merits of sealed claim 1, totaling thirteen (13) pages,

2. The foregoing document and the information contained therein constitutes confidential information which shall not be disclosed, in whole or part, to any person other than the court and court staff and individually named counsel for the parties for their use solely in connection with litigation of the habeas corpus proceeding pending before this court,

3. No publicly filed document shall include the document addressed herein and/or the information contained in that pleading unless authorized by the court to be filed under seal, and

4. All provisions of this order shall continue to be binding after the conclusion of this habeas corpus proceeding and specifically shall apply in the event of a retrial of all or any portion of petitioner's criminal case, except that both parties in this action maintain the right to request modification or vacation of this order upon entry of final judgment.

IT IS SO ORDERED.

Dated: **December 23, 2016**

_Dale A. Drozd_
UNITED STATES DISTRICT JUDGE