UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RODNEY JESSE SAN NICOLAS,<br><br>Petitioner,<br><br>v.<br><br>CHANCE ANDES, Acting Warden of San Quentin State Prison,<br><br>Respondent.[1] | Case No. 1:06-cv-00942-NODJ<br><br><u>DEATH PENALTY CASE</u><br><br>ORDER: (1) GRANTING MOTION TO WITHDRAW BY CO-COUNSEL WESLEY A. VAN WINKLE, and (2) REFERRING CASE TO THE SELECTION BOARD FOR RECOMMENDATION OF REPLACEMENT COUNSEL |

On January 17, 2024, Wesley A. Van Winkle, appointed as co-counsel pursuant to the Criminal Justice Act to represent Petitioner in this 28 U.S.C. § 2254 habeas corpus proceeding, moved to withdraw from the case for age and health-related reasons. (Doc. 182 at 1 citing 18 U.S.C. § 3006A(c).[2])  Mr. Van Winkle represents that Petitioner has been informed of his medical condition and need to retire.  (*Id.* at 3.)  Mr. Van Winkle states his belief that Petitioner understands and has no objection to withdrawal.  (*Id.*)

The Court, having reviewed the motion, the record, and the applicable law finds the matter amenable to decision without a hearing.

---

[1] Chance Andes, acting warden of San Quentin Rehabilitation Center since December 2023, is substituted as Respondent in place of his predecessor wardens.  Fed. R. Civ. P. 25(d).

[2] All reference to pagination is to CM/ECF system pagination.

1

BACKGROUND

The facts of this case, as reflected in the Court's docket, are summarized below.

The capital crime occurred on May 6, 1990.

On August 3, 1992, Petitioner was convicted in Stanislaus County, California, of the first degree murders of his wife Mary San Nicolas and Mary's nine-year-old niece April James. Stanislaus County Superior Court Case No. 259035. The jury found true the personal use of a knife allegations as to these murders. *Id.* The jury also convicted Petitioner of forcibly raping April James and of forcibly committing a lewd and lascivious act upon her, and found true the great bodily injury allegation connected with these two sex offenses. *Id.* The jury found true four special-circumstance allegations: multiple murder; killing to prevent a witness, April James, from testifying; killing in the commission of the rape of April James; and killing in the commission of a lewd or lascivious act on a child under the age of 14, April James. *Id.* After a penalty trial, the jury returned a verdict of death. *Id.*

On February 10, 2000, Petitioner filed an opening brief in his automatic direct appeal. California Supreme Court Case No. S028747.

On October 11, 2001, Petitioner filed a first petition for writ of habeas corpus in the California Supreme Court. *In re San Nicolas*, Case No. S101300.

Petitioner's automatic direct appeal to the California Supreme Court was denied on December 6, 2004. *People v. San Nicolas*, 34 Cal.4th 614. A petition for rehearing was denied on January 19, 2005. The United States Supreme Court denied certiorari on October 3, 2005. 126 S. Ct. 46.

On July 12, 2006, the California Supreme Court denied on the merits Petitioner first state habeas petition. *In Re San Nicolas*, Case No. S101300.

Petitioner commenced this 28 U.S.C. § 2254 habeas corpus proceeding on July 20, 2006.

On February 2, 2007, the Court appointed CJA attorney Wesley Van Winkle to represent Petitioner in the case.

/////

On March 30, 2007, the Court appointed Assistant Federal Defender Harry Simon as co-lead-counsel to represent Petitioner in the case.

On July 12, 2007, Petitioner, through counsel, filed a "protective" federal petition pursuant to *Pace v. DiGuglielmo*, 544 U.S. 408, 416 (2005).

On January 16, 2008, Petitioner filed (1) a federal amended petition raising thirty-seven claims and (2) a petition under seal raising three claims, two of which subsequently were dismissed by the Court. On that same day, Petitioner filed a second petition for writ of habeas corpus with the California Supreme Court raising unexhausted claims on the public docket. California Supreme Court Case No. S160027.

On March 3, 2008, the Court granted Petitioner's motion to stay this federal habeas proceeding and hold it in abeyance of state court exhaustion proceedings.

On February 11, 2014, the California Supreme Court denied the second petition for writ of habeas corpus: certain claims were denied on the merit and as procedurally barred and one claim was denied as premature. California Supreme Court Case No. S160027.

On July 22, 2015, Respondent filed his answer to the federal amended petition. On July 30, 2015, Respondent filed under seal his answer to federal sealed claim 1.

On December 22, 2016, Petitioner filed his memorandum of points authorities in support of the federal amended petition. On December 27, 2016, Petitioner filed under seal his memorandum of points and authorities in support of federal sealed claim 1.

On September 15, 2017, Respondent filed his opposition memorandum of points and authorities regarding the federal amended petition. On September 19, 2017, Respondent filed under seal his opposition memorandum of points and authorities regarding federal sealed claim 1.

On January 25, 2018, Petitioner filed his reply to Respondent's opposition points and authorities regarding the federal amended petition. On January 30, 2018, Petitioner filed under seal his reply to Respondent's opposition points and authorities regarding federal sealed claim 1.

/////

DISCUSSION

As noted, Mr. Van Winkle avers that his age and health issues make it difficult for him competently to represent his capital clients, and that he is retiring from the practice of law. (Doc. 182 at 3.)

The local rules of this district require an attorney who would withdraw and leave his or her client without representation to obtain leave of the Court upon motion noticed to the client and all parties, in conformity with the requirements of the California Rules of Professional Conduct. E.D. Cal. L.R. 182(d). In such a case, the decision to grant or deny counsel's motion to withdraw is committed to the Court's discretion upon consideration of the reasons for withdrawal, potential delay in resolution of the case, and potential prejudice to the litigants and the administration of justice. *See Copeland v. Challenge Sec. Servs., Inc.*, No. 218CV01435TLNCKD, 2020 WL 315997, at *1 (E.D. Cal. Jan. 21, 2020).

Federal courts often look to applicable state rules in determining whether adequate grounds exist to excuse counsel from further representation. *Stewart v. Boeing Co.*, No. CV 12-05621 RSWL, 2013 WL 3168269, at *1 (C.D. Cal. June 19, 2013) (citing *Denney v. City of Berkeley,* No. C 02–5935 JL, 2004 WL 2648293, at *2-*3 (N.D. Cal. Nov.18, 2004)) (looking to the California Code of Professional Conduct when determining counsel's motion to withdraw); *see also* CA ST RPC Rule 1.16 (b)(6) (a lawyer may withdraw from representing a client if "[T]he client knowingly and freely assents to termination of the representation[.]"); CA ST RPC Rule 1.16 (b)(8) (a lawyer may withdraw from the representation of a client if "[T]he lawyer's mental or physical condition renders it difficult for the lawyer to carry out the representation effectively[.]"); CA ST RPC Rule 1.16(b)(10) (a lawyer may withdraw from representing a client if "[T]he lawyer believes in good faith, in a proceeding pending before a tribunal, that the tribunal will find existence of other good cause for withdrawal[.]").

Here, the Court finds good cause to grant Mr. Van Winkle's request to be relieved as co-counsel on the grounds stated, supported by his belief that Petitioner has consented thereto. Nothing before the Court suggests that Petitioner will suffer delay or prejudice by virtue of Mr. Van Winkle's withdrawal. Notably, co-counsel Assistant Federal Defender Harry

Simon continues to represent Petitioner for all purposes in the case, which is fully briefed and awaiting disposition in this Court.

The Court observes that in this district, the Selection Board for the Eastern District of California, as appointing authority, makes all recommendations for appointment of counsel in capital § 2254 matters. *See* E.D. Cal. General Order 671; E.D. Cal. L. R. 191(c).

ACCORDINGLY:

1. The motion to withdraw by appointed co-counsel Wesley A. Van Winkle, (Doc. 182) is GRANTED.

2. This matter is REFERRED to the Selection Board for their recommendation of replacement counsel. The Selection Board, through Assistant Federal Defender David Harshaw shall submit the Board's recommendation of counsel to the Court under seal by emailing it to ApprovedSealed@caed.uscourts.gov, promptly upon issuance.

3. The Clerk of the Court is directed to SERVE this order upon: (i) counsel for the parties, (ii) the Selection Board, through David Harshaw, Assistant Federal Defender, 801 I Street, Third Floor, Sacramento, CA 95814, david_harshaw@fd.org, and (iii) Connie Garcia, CJA Panel Administrator, Federal Defender's Office, 2300 Tulare Street, Suite 330, Fresno, CA 93721, Connie_Garcia@fd.org.

4. Counsel for Petitioner shall PROVIDE him with a copy of this order.

DATED: January 24, 2024.

_____
CHIEF UNITED STATES DISTRICT JUDGE